

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X

LANETTE HILL,

                         Petitioner,

          - against -

ELIZABETH WILLIAMS, Superintendent of
Bedford Hills Correctional Facility,

                         Respondent.

----------------------------------------------------------- X

**MEMORANDUM**
**DECISION AND ORDER**

09 Civ. 1939 (BMC)

**COGAN**, District Judge.

Lanette Hill ("petitioner") petitions *pro se* pursuant to 28 U.S.C. § 2254 for a writ of habeas corpus. Petitioner was convicted of Robbery in the Second Degree and was sentenced to fifteen years in jail, the maximum term. The Appellate Division, Second Department affirmed the conviction and the New York State Court of Appeals denied leave to appeal. For the reasons set forth below, the petition is dismissed.

## BACKGROUND

Around 2:30 A.M. on October 26, 1995, a man and a woman followed Georgia Papadakis ("Papadakis") home. As Papadakis reached the front door of her apartment building, the woman, who the jury later found to be petitioner, demanded money from her. When Papadakis resisted, petitioner assaulted her. They struggled, ending up inside the hallway of Papadakis' building, where petitioner and her accomplice, Ronald Parker ("Parker"), pushed Papadakis onto the stairs, grabbed her pocketbook, and fled. Throughout the attack, Papadakis had been yelling for help from her family, who lived upstairs. After petitioner and Parker had grabbed the bag and run off, Papadakis' family came downstairs. Papadakis' sister called the police, relaying Papadakis'

description of the female attacker as an African-American woman about 5'9" tall wearing a hooded garment and dark clothes.

New York City Police Officer Joseph Burns was patrolling nearby and saw petitioner and Parker running down the street. A few minutes later a radio run went out describing two robbery suspects that Officer Burns recognized as the man and woman he had just seen running in the opposite direction. Officer Burns turned around and gave chase, quickly catching up to them. He arrested Parker immediately, but petitioner continued running. Officer Burns pursued her and sent out a radio run, to which Officer Patrick Delaney responded, that he was chasing the remaining suspect on foot. The two officers eventually caught up to petitioner and, after a brief struggle, arrested her. Officer Delaney searched petitioner and discovered Papadakis' credit card in her pocket. Papadakis made on-sight identifications of petitioner and Parker. Petitioner was taken into custody and charged with Robbery in the Second Degree.

Prior to jury selection, the prosecution sought permission from the court to cross-examine petitioner about her four prior felony convictions for impeachment purposes. The trial court made what is known in New York State Court as a Sandoval determination. People v. Sandoval, 34 N.Y.2d 371, 314 N.E.2d 413, 357 N.Y.S.2d 849 (1974) (allowing trial judge to make advance rulings as to the use of prior criminal acts to impeach a defendant's credibility). The court granted the motion. If petitioner took the stand and agreed that she had been convicted of the prior felonies, then that would end the inquiry and the prosecution would be barred from asking her about the underlying facts. If, on the other hand, petitioner denied the crimes, the prosecution would be able to ask detailed follow-up questions.

At trial, petitioner took the stand. On cross-examination, the prosecutor asked whether

she had previously been convicted of a felony. Petitioner responded that she had only pled guilty in order to take advantage of plea deals, implying that she was innocent of the charges underlying the previous convictions. The prosecutor continued to question petitioner about her prior convictions. Overruling the objections of defense counsel, the trial court found this extended questioning to be permissible.

On September 20, 1996, after three days of trial, petitioner disappeared. The court adjourned the trial in order to locate her. When petitioner could not be found after four days, on September 24, the court found that she had willfully absented herself and granted the prosecution's motion to continue. The same day, the court charged the jury, which convicted petitioner of Robbery in the Second Degree. On October 18, 1996, the court sentenced petitioner, who was still absent, to the maximum term of fifteen years. It was not, however, until March 22, 2005, that petitioner began serving her sentence. According to petitioner, during the intervening years she became a substance abuse counselor and enrolled in college.

Petitioner appealed her conviction, and the Appellate Division affirmed. People v. Hill, 47 A.D.3d 838, 850 N.Y.S.2d 186 (2d Dep't 2008). The Court of Appeals denied petitioner's application for leave to appeal on May 12, 2008. People v. Hill, 10 N.Y.3d 864, 890 N.E.2d 253, 860 N.Y.S.2d 490 (2008). Her state court remedies thus exhausted, petitioner *pro se* timely filed the instant § 2254 petition for a writ of habeas corpus on May 4, 2009.

## DISCUSSION

A § 2254 petition for a writ of habeas corpus may be granted to a state prisoner on a claim that was "adjudicated on the merits" in state court only if the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established

3

Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." Hoi Man Yung v. Walker, 468 F.3d 169, 176 (2d Cir. 2006) (quoting 28 U.S.C. § 2254(d)). A legal conclusion by a state court is contrary to clearly established federal law if it "applies a rule that contradicts the governing law" or if it confronts "a set of facts that are materially indistinguishable from a decision" of the Supreme Court yet arrives at a result different from that precedent. Price v. Vincent, 538 U.S. 634, 640, 123 S. Ct. 1848 (2003). A decision involves an "unreasonable application" of federal law "if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." Williams v. Taylor, 529 U.S. 362, 413, 120 S. Ct. 1495 (2000). Furthermore, a "federal habeas court may not issue the writ simply because that court concludes [that the state court] applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Id. at 411. An evidentiary ruling by a state court will only "rise to the level of constitutional error sufficient to warrant issuance of a writ of habeas" if "petitioner can show that the error deprived her of a *fundamentally fair* trial." Taylor v. Curry, 708 F.2d 886, 891 (2d Cir. 1983) (internal citations omitted) (emphasis in original).

Petitioner has advanced three grounds for habeas relief: (1) the prosecutor engaged in misconduct; (2) she received ineffective assistance of counsel; and (3) the sentence imposed on her was excessive.

I.     **Prosecutorial Misconduct**

Petitioner claims that the prosecutor deprived her of a fair trial by (1) challenging her to

characterize other witnesses as liars; (2) exceeding the scope of the Sandoval ruling by asking follow-up questions about her prior convictions; and (3) bolstering Papadakis' identification testimony with testimony from the two police officers. The first claim is without merit and claims (2) and (3) are procedurally barred.

### A. Legal Standard

This Court's review of prosecutorial misconduct claims determined on the merits is defined narrowly. Where the state court has reviewed the claims on the merits, "mere trial error" is insufficient to grant relief. Tankleff v. Senkowski, 135 F.3d 235, 252 (2d Cir. 1998). In order to constitute grounds for habeas relief, prosecutorial misconduct must have been "so egregious as to violate the defendant's due process rights," id. (citing Donnelly v. DeChristoforo, 416 U.S. 637, 647-48, 94 S. Ct. 1868 (1974)), by infecting "the trial with unfairness." Donnelly, 416 U.S. at 643. The petitioner must show "actual prejudice" in the form of "a substantial and injurious effect or influence in determining the jury's verdict." Bentley v. Scully, 41 F.3d 818, 823 (2d Cir. 1994). In determining whether actual prejudice exists, the reviewing court examines "the severity of the misconduct; the measures adopted to cure the misconduct; and the certainty of conviction absent the improper statements." Tankleff, 135 F.3d at 252 (quoting Bentley, 41 F.3d at 824-25).

### B. Questioning Petitioner About the Credibility of Other Witnesses

Petitioner alleges that the prosecutor improperly challenged her to call other witnesses liars. Petitioner's testimony that she did not run from the police, that she was not wearing a hood, and that she was not the person who robbed Papadakis directly contradicted the testimony

5

of the arresting officers and Papadakis. Her defense was that the officers and Papadakis were lying and that the jury should believe her over them. On cross-examination, the prosecutor questioned petitioner about the dichotomy between her testimony and that of the other witnesses, asking whether the other witnesses were lying or mistaken.

The Appellate Division denied petitioner's claim that this constituted misconduct on the merits, citing state precedent permitting a prosecutor to ask the defendant whether other witnesses were mistaken or whether their statements were untrue when there was a direct conflict between the testimonies. See, e.g., People v. Bradley, 38 A.D.3d 793, 832 N.Y.S.2d 605 (2d Dep't 2007); People v. Swails, 250 A.D.2d 503, 672 N.Y.S.2d 874 (1st Dep't 1998); People v. Overlee, 236 A.D.2d 133, 666 N.Y.S.2d 572 (1st Dep't 1997). In order to constitute grounds for habeas relief, prosecutorial misconduct must be severe, constituting an "undesirable or even universally condemned" practice. Darden v. Wainwright, 477 U.S. 168, 181, 106 S. Ct. 2464 (internal quotations omitted). The prosecutor's questioning of petitioner, which is well within the scope of acceptable cross-examination, does not rise to this level.

### C. Procedural Bar

Where the reviewing state court decides a petitioner's claims on procedural grounds, habeas relief is only available if the petitioner shows either cause and prejudice or a fundamental miscarriage of justice. Fama v. Comm'r of Corr. Servs., 235 F.3d 804, 809 (2d Cir. 2000) (citing Coleman v. Thompson, 501 U.S. 722, 749-50, 111 S. Ct. 2546 (1991)). A petitioner can only overcome a procedural bar if she "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." McKinnon v. Superintendent, No. 08-2828, 2009 WL 3863354 at *1 (2d Cir. Nov. 19, 2009) (quoting Coleman, 501 U.S. at 724). To make

the requisite showing for cause and prejudice, petitioner must establish that "some objective factor external to the defense impeded counsel's efforts to raise the claim" in state court. Torres v. Senkowski, 316 F.3d 147, 152 (2d Cir. 2003) (quoting McCleskey v. Zant, 499 U.S. 467, 493-94, 111 S. Ct. 1454 (1991)). The "fundamental miscarriage of justice" exception to a procedural bar is reserved for relatively extreme cases, such as where new evidence has come to light that would have prevented any reasonable juror from finding the defendant guilty. See House v. Bell, 547 U.S. 518, 126 S. Ct. 2064 (2006).

The Appellate Division decided that petitioner's two remaining allegations of prosecutorial misconduct, that the prosecutor (1) bolstered Papadakis' identification testimony with that of Officers Burns and Delaney; and (2) exceeded the scope of the pretrial Sandoval ruling by asking petitioner a series of questions about her criminal history, were unpreserved for appeal.[1] A state court's dismissal of a claim because a petitioner failed to preserve it for appeal constitutes "a clear and express statement of reliance" on state procedural law. Jimenez v. Walker, 458 F.3d 130, 138 (2d Cir. 2006). Accordingly, this Court can only hear a petitioner's claims if they overcome the procedural bar. As petitioner has neither shown cause and prejudice nor a fundamental miscarriage of justice, her claims are procedurally barred from review.

First, petitioner's only plausible attempt to show cause for failing to preserve the bolstering claim is by alleging that her counsel was ineffective for not objecting at trial. Petitioner argues that the testimony of Officers Burns and Delaney prejudiced the jury because the officers identified her when they described the events surrounding her arrest. There is

---

[1] Here, after denying the claims as unpreserved, the Appellate Division also noted that they were meritless. This does not alter the calculation undertaken by this court. Harris v. Reed, 489 U.S. 255, 264 n. 10, 109 S. Ct. 1038 ("[A] state court need not fear reaching the merits of a federal claim in an alternative holding."). Where a state court rules that a claim is "not preserved for appellate review," and then, prefaced by the phrase "in any event," goes on to discuss the claim's merits in the alternative, such a claim is still procedurally barred. Glenn v. Bartlett, 98 F.3d 721, 724-25 (2d Cir. 1996).

7

nothing in the record to even imply that testimony of the arresting officers impermissibly bolstered that of the victim, or vice versa. As the Appellate Division found in the alternative, the officers' testimony helped explain the events leading up to the arrest and was not admitted merely to reiterate Papadakis' identification testimony. Second, petitioner has made no attempt to show cause for failing to preserve her claim that the prosecution violated the limits of the Sandoval ruling. Also, petitioner has not offered any argument as to why failing to consider either of these claims would result in a "fundamental miscarriage of justice." McKinnon, No. 08-2828, 2009 WL 3863354 at *4.

## II. Ineffective Assistance of Counsel

Petitioner claims that her attorney made three errors at trial that deprived her of her Sixth Amendment right to effective assistance of counsel. Although petitioner only included one such error in this petition, her brief contains two additional claims of error. Construing her pleadings liberally and reading them to raise the strongest possible arguments, I will consider all three. Bertin v. United States, 478 F.3d 489, 491 (2d Cir. 2007).

First, petitioner alleges that counsel failed to seek a specific jury instruction in response to a question from the jury during deliberations. The second and third alleged errors stem from counsel's failure to object to alleged prosecutorial misconduct. All three claims were raised at the necessary state levels and are exhausted. 28 U.S.C. § 2254(b)(1)(A). The Appellate Division examined each claim on the merits and found that petitioner was not deprived of effective assistance of counsel. Hill, 47 A.D.3d at 839.

### A. Legal Standard

A Sixth Amendment ineffective assistance of counsel claim invokes federal law that has been "clearly established" by the Supreme Court within the meaning of AEDPA, in light of the decision in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052 (1984). Palacios v. Burge, 589 F.3d 556, 561 (2d Cir. 2009). To prevail on an ineffective assistance of counsel claim, petitioner must "(1) demonstrate that his counsel's performance fell below an objective standard of reasonableness and (2) affirmatively prove prejudice arising from counsel's allegedly deficient representation." Brown v. Greene, 577 F.3d 107, 110 (2d Cir. 2009) (citing Strickland, 466 U.S. at 693). A habeas petitioner must also show that the state court's application of Strickland "was not merely incorrect, but objectively unreasonable." Palacios, 589 F.3d at 561–62. In evaluating a lawyer's performance, the court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance, and be watchful to eliminate the distorting effects of hindsight." Id. Reasonable decisions by defense counsel "that fall squarely within the ambit of trial strategy . . . cannot support an ineffective assistance claim." United States v. Eisen, 974 F.2d 246, 265 (2d Cir. 1992).

## B. Objectively Reasonable Performance

All of the instances of alleged ineffectiveness fall squarely within "the ambit of trial strategy." Eisen, 974 F.2d at 265. In the first instance, petitioner must show that these trial decisions were objectively unreasonable.

### 1. Objection to Jury Instruction

Petitioner claims that her counsel should have objected to a jury instruction given in response to a question asked by the jury during deliberations. In a note to the trial judge, the jury sought assurance that the procedure used by the police to identify petitioner following her arrest

9

was legal. In response, defense counsel asked for an instruction that the identification procedure was a factual matter that the jury was not to consider. The prosecutor agreed, and the court instructed the jury that the legality of the identification procedure was beyond their concern. Petitioner argues that the trial court's instruction failed to clarify that certain matters relating to the identification procedure were still open for jury consideration, namely the procedure's effect on Papadakis' credibility when she testified at trial.

This claim fails because it satisfies neither requirement of the Strickland test. See Strickland, 466 U.S. at 693. Prior to trial, the court held a Wade hearing, specifically deciding that the identification procedures used by the police were legally appropriate. See United States v. Wade, 388 U.S. 218, 87 S. Ct. 1926 (1967). Counsel's failure to object, or provide an alternative, to an instruction that reiterated the result of the Wade hearing was reasonable under professional norms. See Hernandez v. Bennett, 129 F. App'x 642, 644 (2d Cir. 2005) ("Failing to object to a charge that does not contain error does not fall below an objective standard of reasonableness.").

### 2. Objection to Prosecutorial Misconduct

Petitioner's second and third claims for ineffective assistance stem from defense counsel's failure to object to two instances of alleged prosecutorial misconduct: bolstering and pressuring petitioner to say that other witnesses had lied. Since neither of these actions by the prosecutor actually amounted to prosecutorial misconduct, defense counsel's failure to object to them was well within the "wide range of reasonable professional assistance" acceptable under Strickland, 466 U.S. at 689. See also Eisen, 974 F.2d at 265.

### III. Excessive Sentence

Finally, petitioner seeks habeas corpus relief on the grounds that the sentence of fifteen years was excessive. Because it falls within the guidelines provided by state law, petitioner's sentence would only raise a constitutional issue if motivated by vindictiveness. Wasman v. United States, 468 U.S. 559, 104 S. Ct. 3217 (1984). See also White v. Keane, 969 F.2d 1381, 1383 (2d Cir. 1992) ("[N]o federal constitutional issue is presented where...the sentence is within the range prescribed by state law."). There is no evidence of vindictiveness in this case. The sentencing court noted petitioner's history of committing similar crimes and her failure to show remorse, evidenced in no small part by her decision to abscond, as reasons for imposing the maximum sentence.

### CONCLUSION

The application for habeas corpus relief is denied, and the petition is dismissed. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917 (1962).

**SO ORDERED.**

                                                      U.S.D.J.

Dated: Brooklyn, New York
        April 30, 2010